UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMY SUE MCCRIMMON,

        Plaintiff,

v.

J. THOMAS, et al.,

        Defendants.

                              /

Case No. 2:17-cv-12108

HON. STEPHEN J. MURPHY, III

**OPINION AND ORDER
GRANTING CERTAIN DEFENDANTS' MOTIONS
FOR SUMMARY JUDGMENT OR TO DISMISS [17, 19]
AND REQUIRING PLAINTIFF TO PROVIDE ADDITIONAL INFORMATION**

Plaintiff, a Michigan prisoner, sued ten Michigan Department of Corrections employees under 42 U.S.C. § 1983 for alleged "retaliatory harassment," "hostile work environment," "libel and slander," "discrimination and prejudice," "sexual harassment," "intentional infliction of emotional distress and mental anguish," and "deliberate indifference." Plaintiff's claims were based on her interactions with the employees while she was incarcerated. Six of the defendants waived service of process and filed motions for summary judgment or to dismiss. For the reasons set forth below, the Court will grant judgment for eight of the ten defendants and require Plaintiff to provide additional information regarding Defendants A. Thomas and J. Thomas.

**STANDARD OF REVIEW**

The Court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must identify specific portions of

1

the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party may not simply rest on the pleadings, but must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis omitted).

A fact is material if proof of that fact would establish or refute an essential element of the cause of action or defense. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over material facts is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences "in the light most favorable to the non-moving party." *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987).

**DISCUSSION**

As a preliminary matter, the Court will apply the motion for summary judgment standard, rather than the motion to dismiss standard, because the moving defendants rely on an exhibit outside the pleadings. *See* Fed. R. Civ. P 7(a) and 12(d).

Eight of the defendants are entitled to summary judgment because Plaintiff has failed to exhaust her administrative remedies. Before a prisoner may bring a claim under § 1983, she must exhaust all available administrative remedies. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). The requirement "applies to all inmate suits about prison life" and preempts further consideration of the unexhausted claims even if the case proceeds with respect to other, fully exhausted claims. *Porter v.*

2

*Nussle*, 534 U.S. 516, 532 (2002); *see also Jones v. Bock*, 549 U.S. 199, 219–24 (2007). To exhaust her administrative remedies, Plaintiff must properly comply with all steps of MDOC Policy Directive 03.02.130. *Belser v. James*, No. 16-2578, 2017 WL 5479595, at *1 (6th Cir. June 6, 2017); *see also Woodford*, 548 U.S. at 90. The Policy Directive provides an escalating, multi-step dispute resolution process that starts with an attempt at an oral resolution, proceeds to a written grievance, and ultimately ends, if necessary, at a "Step III Appeal." *Belser*, 2017 WL 5479595, at *1. Thus, to exhaust her administrative remedies, Plaintiff was required to file a grievance naming all persons involved in the underlying allegations and prosecute the claim through a Step III Appeal.

The Court has reviewed the record, and finds that Plaintiff properly prosecuted her claims through a Step III Appeal only as to Defendants A. Thomas and J. Thomas. Plaintiff's prison records contain four grievances prosecuted through a Step III Appeal, but only two pertain to the claims here: Grievance ID WHV-15-08-3612-18b (the "18b Grievance") and Grievance ID WHV-15-08-3522-28b (the "28b Grievance"). ECF 17-3.

In the 18b Grievance, Plaintiff alleged that she was strip searched by Defendant J. Thomas. *Id.* at 128–135. Afterwards, Defendant J. Thomas instructed Plaintiff to pick up her clothes and get dressed. Plaintiff refused the order because picking up her clothes would expose her to an uncovered window on a door. Defendant J. Thomas then called Defendant A. Thomas, who allegedly did not believe Plaintiff's version of events. Defendants Allen and Johnson are also named in the 18b Grievance, but their mention is incidental to the claims. Plaintiff omitted their names in the later stages of the grievance process. *Id.* at 128–30.

In the 28b Grievance, Plaintiff alleged that Defendant J. Thomas rolled her eyes at Plaintiff during a different strip search. *Id.* at 122–27. Plaintiff also named Defendant Lee, but again her mention was incidental to Plaintiff's claim. And Defendant Lee was omitted from Plaintiff's filings in the advanced stages of the grievance process. *Id.* at 123–24.

Because Defendants Stewart, Patel, Braggs, Hardwick, and Russell were not even mentioned by Plaintiff in her grievances, the Court finds that Plaintiff failed to exhaust her administrative remedies as to those defendants. *Coleman v. Rich*, No. 16-1263, 2016 WL 9650985, at *2 (6th Cir. Dec. 20, 2016). And although Defendants Allen, Johnson, and Lee are mentioned in the initial stages of the grievance process, Plaintiff has not exhausted her administrative remedies as to them either. Their mention is incidental, so it is unclear that Plaintiff was alleging wrongdoing against them. And even if she were, Plaintiff did not prosecute the claims through the Step III Appeal because she omitted their names from the later stages of the grievance process. Consequently, all defendants—with the exception of Defendants A. Thomas and J. Thomas—are entitled to judgment as a matter of law.[1]

As to Defendants A. Thomas and J. Thomas, the Court needs additional information for the case to proceed. In August 2017, the Court granted Plaintiff's application to proceed without prepaying fees and ordered the U.S. Marshal Service to serve all defendants. The U.S. Marshal Service was unable to provide service to Defendants A. Thomas and J. Thomas because neither individual works at the address

---

[1] Defendants Braggs and Lee have not been served or filed a motion, but they are entitled to judgment for the same reasons because allowing the case to proceed against them would be frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

provided. The Court will grant Plaintiff 60 days from the date of this order to provide the U.S. Marshal Service adequate addresses for service, otherwise the case will be dismissed under Federal Rule of Civil Procedure 4(m) for failure to serve.

## ORDER

**WHEREFORE** it is hereby **ORDERED** that Defendants' Motions for Summary Judgment or to Dismiss [17, 19] are **GRANTED**. The claims against Defendants T. Allen, D. Johnson, A. Stewart, S. Patel, C. Lee, S. Braggs, S. Hardwick, and R. Russel are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff shall provide the U.S. Marshal Service, no later than 60 days from the date of this order, with an adequate address to serve Defendants A. Thomas and J. Thomas. Failure to provide adequate addresses will result in dismissal of the remaining claims for failure to serve.

**SO ORDERED.**

                                             s/ Stephen J. Murphy, III
                                             STEPHEN J. MURPHY, III
                                             United States District Judge

Dated: December 15, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 15, 2017, by electronic and/or ordinary mail.

                                             s/ David Parker
                                             Case Manager